**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS ANTONIO MORREO,<br><br>               Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLIN, Acting<br>Commissioner of Social Security,<br><br>               Defendant. | CASE NO. CV 13-00668 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Jess Antonio Morreo claims that the Social Security Commissioner wrongly denied disability benefits based on an Administrative Law Judge's (ALJ's) improperly discrediting, in part, Plaintiff's testimony about his degree of pain. The Court disagrees and will affirm.

        Plaintiff complained that he was unable to work due to chronic lower back pain and fibromyalgia. The ALJ agreed, at least as to lower back pain, based on his review of the evidence, that Plaintiff's medically determinable impairment reasonably could be expected to cause pain. Administrative Record (AR) 14, 15. (In the bold-faced heading of the pertinent part of his opinion, the ALJ indicates that he found Plaintiff's "severe" impairments to include low back pain *and fibromyalgia*. But in the text immediately below that heading, the ALJ states otherwise, namely that Plaintiff's "allegations of fibromyalgia / chronic fatigue syndrome are not supported by the evidence and are not medically

determinable impairments (SSR 99-2p)." AR 14.  In his Reply, Plaintiff concedes that no objective evidence supports a diagnosis of fibromyalgia.  Reply Br. at 2.  The Court thus focuses on the back pain credibility issue alone.)  The ALJ went on to find, however, that Plaintiff's subjective account of the "intensity, persistence and limiting effects of" the pain was not fully credible.  AR15.  Having discounted Plaintiff's degree-of-pain account, the ALJ found Plaintiff capable of performing a full range of sedentary work.  Plaintiff argues that the ALJ erred in discrediting Plaintiff's subjective testimony.  *See* Reply Br. at 3-4.

An ALJ may consider whether the objective medical evidence supports the degree of limitation alleged by a claimant, but the lack of such objective evidence is only one factor.  It "cannot form the sole basis for discounting [subjective] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  In support of his conclusion that such "severity evidence" was lacking, the ALJ cited several parts of the record.  Physical exams in 2009 and 2010 had mostly normal results.  *See* AR 206-17, 219-20, 222-23, 226, 238-43.  Plaintiff had no neurological deficits; his strength tested as normal; he displayed no positive signs of radiculopathy in standard straight-leg-raising tests; and he was able to move his neck and extremities within normal ranges.  AR 206-17, 219-20, 222-23, 226, 241-43; *see* AR 17 (cited by ALJ).  Although two examiners described Plaintiff as displaying a limp favoring his left leg, at least three other examinations revealed no such antalgic gait.  *Compare* AR 207, 243 (limp observed) *with* AR 210 ("Gait non-antalgic), 213 ("Gait appeared normal"), 220 ("Gait is nonantalgic").  Plaintiff's knee x-rays were normal, AR 231, and his own treating physician, Bradley Marcus, D.O., described the results of a spinal MRI as "not that significant" and "essentially benign." AR 209-10, 212; *see* AR 15 (cited by ALJ).  These normal or near-normal objective results clash with Plaintiff's testimony that he could not turn his neck, AR 31; could not "seem to hold stuff" in his hands and could only lift 10 pounds, AR 32, 34; could not stand for more than "[m]aybe about 10, 15 minutes" before needing to sit down (and had even less endurance if walking), AR 33-34; and could not sit for more than 20 to 30 minutes without needing to lie down.  AR 33.  The ALJ cited the opinion of examining internist Valerie Novak,

M.D. – one of the examiners, cited above, who *did* credit Plaintiff with having a limp – that Plaintiff's "degree of pain is out of proportion to his physical findings." AR 243; *see* AR 16 (ALJ citation). Similarly, and in striking candor, treating physician Dr. Marcus candidly and repeatedly underscored the disparity between Plaintiff's consumption of strong narcotic medications and his (Plaintiff's) "lack of physiologic [*sic*] findings." "I do not feel that the patient's pathology correlates with degree of narcotic medications that he is on. I have discussed this with the patient's primary physician, and we will attempt to wean this patient . . . " "I feel that both the dosage of the MS Contin and the Vicodin is pain over rated [*sic*] given the patient's degree of pathology." AR 210, 213; *see* AR 15 (exhibit cited by ALJ). Substantial evidence thus plainly supports the ALJ's finding that the objective findings did not support Plaintiff's subjective complaints about the intensity of his pain. As *Burch* explained, however, another factor is required, also supported by substantial evidence.

The additional factor here is Plaintiff's drug-seeking behavior, a finding supported by some of the same evidence noted immediately above. As the ALJ pointed out, several physicians opined that Plaintiff appeared to be overstating his pain in order to obtain the opiates upon which he was dependent. AR 16. Plaintiff often sought his next prescription before his prior one *should have* run out, because Plaintiff had over-consumed his medications. Plaintiff's primary care physician, Franklin Galef, M.D., observed that Plaintiff had a "tendency to accelerate analgesics without physician instruction." Plaintiff almost always ran out of his medications "a week or two early." AR 207. Dr. Marcus, in addition to making the several disparity-of-pain statements quoted in the preceding paragraph, remarked that Plaintiff had obtained overlapping opiate prescriptions from Drs. Galef and himself (Marcus). Dr. Marcus remarked that he had reluctantly ordered the overlapping prescription filled on that particular occasion, even though it violated Plaintiff's pain management agreement. AR 213, 217. Drug-seeking behavior is a valid factor to be considered in assessing a claimant's credibility about pain limitations, *see*

*Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001), and substantial evidence supports the existence of such behavior here.

Plaintiff, in his reply brief, seeks to distinguish *Edlund* by pointing out that the claimant in that case admitted he was illegally exchanging his prescription painkillers for Valium "on the street," whereas the record here indicates that Plaintiff is simply over-consuming his opiate medications and seeking premature, overlapping new prescriptions. But that is a distinction without a difference. *Edlund*'s holding did not depend upon the claimant's illegal swapping of drugs, although such conduct was more gravely illicit. Like the Plaintiff in this case, Carl Edlund "was exaggerating his complaints of physical pain in order to receive prescription pain medication . . . ." It is true, as the Ninth Circuit noted immediately after the foregoing quotation, that Edlund was doing so *in order to get Valium*. *Id*. But nothing in *Edlund* suggests that Carl Edlund's credibility in "over-reporting" his pain could *only* be discounted because he traded his prescription pain pills for Valium. What mattered in *Edlund*, and what matters here, is the claimant's seeking of more prescription pain medication than he should.

Defendant suggests a second credibility-undermining factor supported by the record, namely the long gap between Plaintiff's treatments, suggesting a minimal genuine need for care. Def.'s Br. at 6-7. But the ALJ did not include that rationale in his decision. As Plaintiff soundly notes, *see* Reply at 4, this Court can review only the decision the Defendant made administratively, not the *post hoc* decision the Defendant would make in this Court. Nor can this Court make its own findings in the place of those not made by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).

In sum, the underlying opinion was free of legal error and supported by substantial evidence. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: November 7, 2013

　　　　　　　　　　　　　　　　　　　　　　　
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE